# AFFIDAVIT IN SUPPORT OF

# AN APPLICATION FOR A SEARCH WARRANT

I, William Catoe, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.  I make this Affidavit in support of an application for a search and seizure warrant of evidence of violations of 21 U.S. Code § 841 possess with intent to manufacture, distribute, or dispense, a controlled substance and/or 18 U.S.C. § 1952 traveling or using the mail or instruments of interstate commerce (telephone/internet) with intent to facilitate drug trafficking and/or 16 U.S. Code § 668dd 50 C.F.R. 27.82(b1) delivery of a controlled substance on an NWR within a vehicle currently stored at 915 SW 2nd Street, Lawton Oklahoma 73501. The vehicle to be searched is described in the following paragraphs and in Attachment A.

2.  I am a Senior Federal Wildlife Officer (FWO) with the United States Department of Interior, United States Fish and Wildlife Service, Division of Refuge Law Enforcement ("USFWS/DRLE") in Indiahoma, Oklahoma. I am a fully Commissioned Federal Law Enforcement Officer, performing law enforcement patrol duties, wildlife investigations and enforcement of laws of the United States. As an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States empowered by law to conduct investigations of, and to make arrests for offenses enumerated in Title 18 of the United States Code. I have worked for the USFWS/DRLE as a FWO since February 2020. I am a graduate of the Land Management Police

Training from the Federal Law Enforcement Training Center at Glynco, Georgia. I have received formal training and gained experience in criminal investigations and in wildlife identification. Additionally, I have received training in crime scene processing, and the procedures and practices associated with the collection of physical and testimonial evidence. As a Federal Wildlife Officer for the USFWS/DRLE, I investigate crimes involving theft, possession and or use of controlled substances, damage to property and wildlife related crimes on a National Wildlife Refuge as well as violations of state laws on Refuge Lands. I enforce Migratory Bird Treaty Act, Endangered Species Act, Airborne Hunting Act, Bald and Golden Eagle Act anywhere in the Special Maritime Jurisdiction of the United States of America. As an Oklahoma State Commissioned Peace Officer, I may enforce state law within the jurisdiction of Oklahoma.

3. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This Affidavit is intended to show merely that there is sufficient probable cause for the requested warrant, and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 21 U.S. Code § 841 possess with intent to manufacture, distribute, or dispense, a controlled substance and or 18 U.S.C. § 1952 traveling or using the mail or instruments of interstate commerce (telephone/internet) with intent to facilitate drug trafficking and or 16 U.S. Code § 668dd 50 C.F.R. 27.82(b1) delivery of a controlled substance on an NWR have been committed by Yesica GODINEZ SANCHEZ or unknown

persons and that evidence of these violations are concealed within the White 2017 KIA Sedona Minivan bearing Arizona registration KKA0PN and VIN KNDMB5C12H6321270 which has been seized and is located at the Comanche County Sheriff Vehicle Pool at 915 SW 2nd Street, Lawton Oklahoma 73501. There is also probable cause to search the vehicle described in Attachment A for evidence of these crimes as further described in Attachment B.

## PROBABLE CAUSE

5.     I state that on **November 22, 2024,** while exercising my duties as a law enforcement officer in the **Western District of Oklahoma**: I, William Catoe, Senior Federal Wildlife Officer with U.S. Fish and Wildlife Service, was on duty, in uniform, on patrol in the Comanche County area of Oklahoma in a marked Law Enforcement vehicle.

6.     On November 22, 2024, approximately 2042 hours, after 1725 hours of sunset, I observed a White KIA Sedona minivan bearing Arizona registration KKA0PN parked at Jed Johnson Lake Dam. I contacted an adult female identified as Yesica GODINEZ SANCHEZ outside the vehicle. She stated she was looking at the stars. She also stated she spoke little English. I asked her if she was the driver of the vehicle and she stated "Yes". I asked for a driver's license and she provided a Guatemalan Consular Card. I asked if she had a drivers license and she stated "No".

7.     As I was advising her on the Refuge hours, I observed a person with a hoodie pulled over their head in the passenger seat with their head down. They did not look up or around even though I had emergency strobes flashing and shined a flashlight into the window. I made contact with the adult male in the passenger seat and SANCHEZ stated he spoke no English. She seemed to trying to block my view of the back door and interfering with me talking to the front passenger. I asked if there were other people in the van and she stated "Yes". I directed her to

open the sliding door and she did so reluctantly. She positioned herself in the doorway and attempted to block my view of the back of the cab. I observed what I later determined were 9 adult males, 1 juvenile male and 2 adult females packed into the back of the vehicle. All appeared to be Hispanic with several possible juveniles. I ordered everyone out of the car and requested back up. Comanche County Deputy Pagan who is fluent in Spanish and K-9 Officer Glover arrived to assist.

8. Through a collection of ID's and interviews we determined that all 13 passengers were Illegal Aliens (IA) of Guatemalan Nationality. An adult male who spoke limited English stated they were roofers and were going to work for SANCHEZ's boss in Tennessee.

9. SANCHEZ was read Miranda rights in Spanish and when asked if she would answer questions stated "Yes". SANCHEZ stated she picked them up in Tuscan Arizona at a Home Depot looking for work. She stated she was taking them to Memphis Tennessee to work for her "husband" at his company. She couldn't provide a name for the company and later stated the owners was named "Neto GODINEZ" and that he was her boyfriend of 3 months and was also an IA. She provided an address in Memphis they were going to that after investigation appears to be false.

10. We separated out several of the younger males for interviews. Each were read their Miranda Rights in Spanish and several agreed to answer questions. None of them knew where they were located currently and provided conflicting stories of where they were headed, and how they met SANCHEZ. They gave conflicting information whether they were family, cousins, friends or just co-workers. They all stated they had entered the United States illegally. The

juvenile male stated they had to pay SANCHEZ "$300 dollars" to travel and would "Pay it off for work done" for her company.

11. Due to the potential human smuggling, I contacted ICE and was referred to a Homeland Security Investigation (HSI) Special Agent. He determined that several of the IA's had been previously deported.

12. Through a return on the vehicle from Comanche County Dispatch, I determined that the registration was suspended and there was no insurance on the vehicle. SANCHEZ stated she "borrowed the vehicle from a friend".

13. Approximately 2334 hours, I advised SANCHEZ in English with Deputy Pagan translating into Spanish that she was under arrest for Trespass, Operating a vehicle without a drivers license, and no vehicle registration and insurance.

14. SANCHEZ had earlier stated she was going to get a hotel room for everyone that night. We arranged for her to provide money to a leader in the group so they could get a hotel room. I delayed handcuffing her while she explained the situation to the group and provided them the money. We allowed them to retrieve blankets and jackets from the van.

15. Approximately 0000 hours on November 23, 2024, SANCHEZ placed a black jacket over the white jacket she had been wearing and fled on foot into the darkness behind the van towards the lake. Approximately 0057 hours, SANCHEZ was located almost neck deep in the lake near the boat ramp approximately 300 yards to the west and was taken into custody without further issues.

16.     As this appeared to be potential human smuggling and I know from training that often drugs are shipped with the human cargo I requested Officer Glover check the vehicle with his K-9. Officer Glover stated the K-9 alerted to possible drugs in the back of the vehicle. A thorough search of the vehicle was conducted. Nothing was found and the K-9 checked again and again alerted in the vehicle. A secondary weld was observed on a fender on the driver side rear of the vehicle as if a panel had been cut off and rewelded on. The panel sounded solid when tapped where other sections sounded hollow when tapped. I also observe a cellphone on a dash mount that no one claimed when allowed to retrieve personal belongings from the vehicle. The vehicle was seized due to invalid registration and insurance and secured for further investigation.

17.     Troy Glover is a commissioned Deputy Sheriff with the Comanche County Sheriff's Department. Glover has held his commission since 07/27/2018. Glover and K9 Skoden have been certified as a team since 10/2023.

18.     Glover is currently assigned to the Patrol Division as a K9 Deputy, where he is the handler for K9 Skoden who is a Dual Purpose K9. K9 Skoden is trained and certified on three odors. The three odors are Methamphetamine, Cocaine and Heroin. Glover and K9 Skoden have completed numerous hours of free air searches and training of vehicles, and buildings for the presence of the odor of narcotics. Glover currently holds the State of Oklahoma CDS Detector Canine Team License with C.L.E.E.T (Council on Law Enforcement Education and Training) 0150937-D004159.

19.     The vehicle is described as a white Kia Sedona with an Arizona license plate KKAOPN attached. It should be noted that the rear passenger sliding door was ajar and the front driver's

window was in the down position. Deputy Glover deployed K9 Skoden from the downwind location, which was the rear passenger side of the vehicle. As K9 Skoden conducted the free air sniff counter clockwise, he stopped at the open passenger side door. It was at this moment that I noticed a distinct change of behavior as he raised his head high and began breathing deeply through his nose. He then, without command, jumped into the rear passenger compartment, where he continued his change of behavior.

20. K9 Skoden showed particular changes while sniffing the areas of the ceiling vents and the carpeted floor area. K9 Skoden continued to work the rear passenger area over and over continuing to show his change of behavior, but did not give a final response. This is the same behavior pattern that Skoden has demonstrated when he encounters a mass amount of odor that he is trained to detect, but is unable to pinpoint its exact location. Deputy Glover then removed Skoden from the interior of the vehicle and continued to work clockwise around the exterior of the vehicle.

21. As they approached the passenger side door a second time, K9 Skoden pulled to the rear of the door where he began wagging his tail, breathing deeply through his nose, and then providing a final response by sitting adjacent to passenger door.

22. A subsequent search was started by Pagan and Glover on scene. Various indications such a fresh tool marks and non-factory welds were present. Due to these findings, I made the determination to have the vehicle sealed with evidence tape and towed to the Sheriff's Departments vehicle yard. Pagan then sealed all openings with evidence tape and followed the tow truck to the vehicle yard, where it could be secured until a warrant for a more intrusive

search could be obtained.

## CONCLUSION

23. Based on my training human smuggling is often accompanied by narcotics trafficking. I know that narcotics traffickers are known to create hidden compartments and voids within vehicle body panels to conceal contraband from a normal search. I know that an intrusive search involving removing panels employing inspection cameras within voids is the only way located these hidden compartments. I observed non-factory secondary welds on exterior panel(s) of the vehicle that indicated panels were cut off and removed and later replaced. I know that traffickers are provided cellphones for navigation and communications such as the one I observed in the van on the dash where it would have been used for navigation and the cellphone in the possession of GODINEZ SANCHEZ at the time of her arrest. I know that route and time data may be stored in GPS devices and or cell phones.

24. Based on the above listed facts and circumstances, I believe that probable cause exists for a search warrant authorizing search of the vehicle listed in attachment A which will constitute evidence and instrumentalities of violations of 21 U.S. Code § 841 possess with intent to manufacture, distribute, or dispense, a controlled substance and or 18 U.S.C. § 1952 traveling or using the mail or instruments of interstate commerce (telephone/internet) with intent to facilitate drug trafficking and or 16 U.S. Code § 668dd 50 C.F.R. 27.82(b1) delivery of a controlled substance on an NWR.

## AUTHORIZATION REQUEST

25. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a),

(b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States… that - has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

Respectfully submitted,

_____
SFWO William Catoe
U.S. Fish and Wildlife Service

Subscribed and sworn to before me on ___Dec. 4___, 20_24_

_____
HONORABLE JUDGE SHON. T. ERWIN
UNITED STATES MAGISTRATE JUDGE

24-mj-881STE

## ATTACHMENT A

### Property to Be Searched

1. A White 2017 KIA Sedona Minivan bearing Arizona registration KKAOPN and VIN KNDMB5C12H6321270 and any cellphones or electronics found within which has been seized and is located at the Comanche County Sheriff Vehicle Pool at 915 SW 2nd Street, Lawton Oklahoma 73501.
2. Vehicle to be searched.
3. Smartphone Cellphone located on dash of van in position to be used as navigation and communication.
4. Smartphone Cellphone with butterfly cover and white beaded bracelet attached and Red Banded "Smart Watch" in the personal property of Yesica GODINEZ SANCHEZ at Comanche County Detention Center 315 SW 5th St Lawton OK 73501.








2





4





5

## ATTACHMENT B

### Particular Things to be Seized

1. Narcotics and or controlled substances prohibited for possession or transport under 21 U.S. Code § 841 possess with intent to manufacture, distribute, or dispense, a controlled substance and or evidence or instrumentalities of interstate trafficking in violation of 18 U.S.C. § 1952 traveling or using the mail or instruments of interstate commerce (telephone/internet) with intent to facilitate drug trafficking.

2. All portable electronic devices to include but not limited to GPS, cellphones, smart watches, and tablets that are reasonably believed to be owned or used by GODINEZ SANCHEZ, and the files contained within, from November 18, 2024 until the date the devices are collected, that show evidence of the criminal offense listed above including but not limited to:Any and all information, notes, documents, records, or correspondence, in any format or medium, pertaining to trafficking or interstate travel.

3. Records relating to documentation or memorialization of the criminal offenses above, including voice memos, photographs, notes, memos, receipts, videos, emails, chats, messages and other audio and video media, and all information and metadata attached thereto including device information, and geotagging information.

4. Any documents, notes, envelopes, receipts, vehicle registrations, titles, rental or lease

agreements, in any format pertaining to the ownership or agreed use of the vehicle and occupants and cargo of the vehicle and routes of travel.

5. This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, Attorney support staff, and technical experts. Pursuant to this warrant, USFWS may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.